IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 12-cv-01180-LTB-BNB

MICHAEL SHINN & JENNIFER SHINN

               Plaintiffs,

v.

MARK W. MELBERG, M.D.

               Defendant.

_____

# ORDER
_____

       This matter is before me on a Motion to Dismiss Plaintiffs' Medical Battery Claims [**Doc # 26**] filed by Defendant, Mark W. Melberg, M.D., seeking dismissal of the First and Second Claims for Relief brought against him by Plaintiffs, Michael and Jennifer Shinn, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that these claims are barred by the applicable statute of limitations.  Oral arguments would not materially aid in my determination of this motion.  After consideration of the parties arguments, and for the reasons stated, I GRANT the motion and, as such, I DISMISS WITH PREJUDICE Plaintiffs' First and Second Claim for Relief.

## I. Underlying Facts

       In Plaintiffs' Complaint, they assert that Plaintiff Michael Shinn sustained injuries related to surgeries performed by Defendant on May 7 and 8 of 2010.  Specifically, Plaintiffs allege that during the first surgery – on May 7th for a bone graft – Defendant improperly sawed off a large ball on Plaintiff Michael Shinn's left fibula, despite that Defendant had informed him that all he would do would "shave the edge only."  Then, in the 24 hours following the first surgery,

Plaintiffs allege that his left leg was "allowed to bleed through cut veins and the complete occlusion of the below-knee left popliteal peroneal artery, as well as severed nerves and veins in that area" resulting in pain and suffering.  As a result, on May 8th, Plaintiff Michael Shinn was forced to undergo a second surgery by a vascular surgeon to repair the damage caused by the first surgery.  Plaintiffs further allege the repaired left leg is not as healthy as the leg was prior to the surgery, resulting in ongoing pain.  Plaintiffs have brought two claims for Medical Battery (First and Second Claim for Relief); a claim for Lost of Consortium by Plaintiff Jennifer Shinn (Third Claim for Relief); and Malpractice (Fourth Claim for Relief). [Doc #1]  Plaintiffs also brought a claim for Outrageous Conduct, which was subsequently dismissed without prejudice. [Doc # 8]  Defendant's motion here seeks dismissal of the medical battery claims (First and Second Claims for Relief), pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that these claims are barred by the applicable statute of limitations.

## II.  Law

Fed. R. Civ. P. 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."   To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).   The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Id.* 550 U.S. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right

sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir.1980).

### III. Analysis

In this motion, Defendant seeks dismissal of Plaintiffs' two medical battery claims on the basis that the are barred by the applicable statute of limitations.  Defendant asserts that in this case, in which jurisdiction is derived from diversity of citizenship under 28 U.S.C. §1332, Colorado law applies to Plaintiffs' claims.  Colorado has a one-year statute of limitations on battery claims and other intentional torts pursuant to Colorado Revised Statute §13-80-103(1)(a).  Because Plaintiffs learned on May 8, 2010, that the first surgery on May 7th had complications necessitating the second emergency surgery on May 8th, Defendant contends that Plaintiffs knew of the alleged batteries on May 8, 2010.  Thus, the limitations period for the alleged batteries began to run on May 8, 2010, and expired one year later on May 8, 2011.  Plaintiffs did not file their Complaint until May 7, 2012.  As such, Defendant asserts that Plaintiffs' battery claims – filed almost one year after the time period expired – are untimely and must be dismissed with prejudice, as a matter of law, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In response, Plaintiffs admit that on May 8, 2010, they knew of the complications for surgery to the extent that Michael Shinn's left leg had lost almost all of its blood pressure and that emergency vascular surgery was necessary.  They further assert, however, that they could not have known "what actually happened" until October 2, 2012 – nearly five months after they filed this case – when the vascular surgeon, Dr. Alan Synn, testified at a trial in Denver District Court that during the initial surgery Defendant severed Michael Shinn's main artery below the

3

knee, "legated" it by sewing it up so it "could no longer function", and told no one what had happened.  Plaintiffs alleged that Defendant then perpetuated "rumors and narrative from the hospital that it was supposed to have been a blood clot that caused the loss of blood flow to Michael [Shinn's] left leg."  Thus, Plaintiffs argue that the running of the statute of limitations did not actually commence until October 2, 2012, when they first knew the facts underlying or constituting the tort.  In so doing, Plaintiffs "admit that the battery first described in the Complaint should be deemed not timely."

Because Plaintiffs concede that the battery claims as set forth in their Complaint should be dismissed as untimely, under the facts as alleged therein, I will grant the motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Furthermore, to the extent that Plaintiffs now request – in their response to Defendant's motion – "leave of Court to amend the Complaint" to conform to the newly discovered facts, I note that Plaintiffs' request is not in the form of a motion.  The Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District Court for the District of Colorado require that parties to civil litigation file motions when they seek relief from the Court.  *See* Fed. Rule Civ. P. 7(b)(1) ("[a] request for a court order must be made by motion"); D.C.Colo.L.Civ.R. 7.1 C (providing that "[a] motion shall not be included in a response or reply to the original motion . . . [a] motion shall be made in a separate paper"); *see also Tivis v. Stock,* 2013 WL 979080 (D.Colo. 2013) (unpublished); *Pappas v. Frank Azar & Associates, P.C.,* 2008 WL 652318 (D.Colo. 2008) (unpublished)("[i]nsofar as the Response seeks affirmative relief, it is denied because it violates D.C.COLO.LCivR 7.1C").  As a result, I conclude that when viewing the medical battery claims, as set forth in the Complaint, as true, they must be dismissed pursuant to Rule 12(b)(6) as

conceded by Plaintiffs.  *See Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010)(affirming dismissal with prejudice of claims as barred by statute of limitations); *see also Vidmar v. Steinman,* 2012 WL 2871728 (D.Colo. 2012)(unpublished)(testing "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true" to determine is a claim should be dismissed, under Rule 12(b)(6), as untimely).

ACCORDINGLY, I GRANT Defendant Motion to Dismiss Plaintiffs' Medical Battery Claims [**Doc # 26**] and, as a result, I DISMISS WITH PREJUDICE Plaintiffs' First and Second Claims for Relief as barred by the applicable statute of limitations.

Dated: May __1__, 2013 in Denver, Colorado.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE