IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 12-cv-01180-LTB-BNB

MICHAEL SHINN & JENNIFER SHINN

          Plaintiffs,

v.

MARK W. MELBERG, M.D.

          Defendant.

_____

ORDER
_____

      This matter is before me on Motions for Summary Judgment filed by Defendant, Mark

W. Melberg, M.D. – seeking dismissal of the remaining claims brought against him by Plaintiffs,

Michael and Jennifer Shinn – as well as a Motion for Summary Judgment filed by Plaintiffs –

seeking judgment in their favor as to Defendant's liability. [**Docs #37, 48 & 59**]  In addition, I

address a motion filed by Plaintiffs – entitled "Motion to Accept the $4,200.000.00 City and

County of Denver, Colorado Judgment herein as the Total Amount Awardable to the Plaintiff,

Michael Shinn, Subject to Allocation against Defendant Dr. Melberg by the Court at Trial" –

seeking a ruling as to the total amount of damages at issue in this case based on a jury verdict

rendered in a related state court case. [**Doc #42**]  Finally, I address Plaintiffs' pleading – entitled

"First Amendment to Supplemental Pleading #1 To Amend the Complaint" – which I construe a

motion seeking leave to amend their complaint pursuant to Fed. R. Civ. P. 15. [**Doc #71**]

      Oral arguments would not materially aid in my determination of these motions.  After

consideration of the parties arguments, and for the reasons stated, I DENY Plaintiffs' Motion for

Summary Judgment [Doc #59] and Plaintiffs' motion seeking a ruling on the damages in this

matter [Doc #42].  In addition, I GRANT Defendant's initial Motion for Summary Judgment

[Doc #37], and I DENY AS MOOT Defendant's Second Motion for Summary Judgment [Doc

#48].  Finally, I DENY Plaintiffs' "First Amendment to Supplemental Pleading #1 To Amend

the Complaint." [Doc #71]  As such, I ENTER JUDGMENT in favor of Defendant on all

Plaintiffs' claims, and I DISMISS this case.

## I. Underlying Facts

Plaintiff Michael Shinn was involved in a tractor accident that resulted in injuries to his

left leg.  Following that accident, Plaintiff filed a products liability lawsuit in Denver District

Court – in a case captioned *Michael Shinn v. Rocky Mountain Farm Professionals, LLC, et. al.*,

Case No. 10cv5812 – seeking damages related to the injuries he sustained.  Plaintiff was

awarded $4,200,000 in that case after a jury trial.  The jury determined that the manufacterer of

the front end loader that was mounted to the tractor was 50% liable for Plaintiff's injuries, and

that Plaintiff himself was 50% liable based on his own negligent operation of the tractor.

After the conclusion of the state trial, Plaintiffs filed this lawsuit seeking damages for

injuries Plaintiff Michael Shinn sustained during surgeries to his leg following the tractor

accident on May 7th and 8th of 2010.  Specifically, Plaintiffs allege that during the first

orthopedic surgery – on May 7th for a bone graft – Defendant improperly sawed off a large ball

on Plaintiff's left fibula, despite the fact that Defendant had informed Plaintiffs that all he would

do would "shave the edge only."  Then, in the 24 hours following the first surgery, Plaintiffs

allege that Plaintiff's left leg was "allowed to bleed through cut veins and the complete occlusion

of the below-knee left popliteal peroneal artery, as well as severed nerves and veins in that area"

resulting in pain and suffering.  As a result, Plaintiff was forced to undergo a second surgery the

next day, May 8th, by a vascular surgeon (Dr. Alan Synn) in order to repair the damage caused by the first surgery performed by Defendant.

Plaintiffs' complaint initially included a claim for Outrageous Conduct, which was subsequently dismissed without prejudice on Plaintiffs' own motion [Doc #8], and two claims for Medical Battery, which were dismissed with prejudice as barred by the statute of limitations on Defendant's motion to dismiss. [Doc #35]  As a result, Plaintiffs' remaining claims against Defendant in this case are for Malpractice/Professional Negligence (Fourth Claim for Relief) and for Lost of Consortium by Plaintiff Jennifer Shinn (Third Claim for Relief).

## II.  Summary Judgment

When deciding a motion for summary judgment under Fed. R. Civ. P. 56, summary judgment shall be granted for the movant if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  When applying this standard, I am to view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Langley v. Adams County,* 987 F.2d 1473, 1476 (10th Cir. 1993).

In a Rule 56 motion for summary judgment, a moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir. 1993).  If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  This burden "may be discharged by 'showing' – that is, pointing out to the district court  – that there is an absence of evidence to support the nonmoving

party's case." *Id.* at 325; *see also Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998)(noting that when the movant does not bear the ultimate burden of persuasion at trial, the movant may make his or her showing of the absence of a genuine issue of material fact by "simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim").

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### III.  Plaintiffs' Motions

I first address and reject Plaintiffs' request that judgment be entered in their favor on the issue of Defendant's liability.  In Plaintiffs' Motion For Summary Judgment [Doc # 59], they argue that whether Plaintiff Michael Shinn incurred loses, and whether Defendant was professionally negligent, are not contested and thus no material issue of fact exists.  As such, they assert that the only truly contested matter is causation which, they maintain, is proven in this case because it is undisputed that Defendant's negligence was, at least, "a cause" of Plaintiff Michael Shinn's injuries, which is all that is required by law.  Moreover, Plaintiffs assert that the amount of damages Defendant should be held liable for is also not at issue.

As to the issue of liability, Plaintiffs' argument that Defendant's negligence is uncontested is incorrect and unsupported.  Plaintiffs rely on the following in support of their argument:  that Defendant has admitted Plaintiffs incurred injuries, and that he has: "relied" on Plaintiff Michael Shinn's testimony in the state court case, "adopted" Dr. Synn's testimony

4

(which they argue details his efforts to repair Defendant's "ligation of Plaintiff's main artery"),

and "mentioned" that Plaintiff's two surgery cost "$700,000," by relying on the state court

evidence in his second motion for summary judgment.  Such reliance on the state court evidence

by Defendant does not, contrary to Plaintiffs' argument here, amount to admission of negligence

or result in no disputed issue of fact.  Rather, it is clear that Defendant denies any negligence,

and Plaintiffs have failed to assert or demonstrate the absence of a genuine issue of material fact

warranting entry of summary judgment in their favor on the issue of liability.

In addition, Plaintiffs' contention that the issue of damages "appears to be fixed with no

contest . . . from the Defendant" is likewise without merit.  Plaintiffs argue that the state case set

the total damages from the accident, and the resulting surgeries, at $4,200,000, but that amount

was reduced by 50% because Plaintiff  "was found to be 50% contributorily negligent as to how

he drove he tractor."  Because Plaintiff could not be found to be contributorily negligent during

his surgeries – because he was asleep – Plaintiffs argue that Defendant here is liable for "that

part of the total judgment not associated with any contributory negligence" or, $2,100,000 (as

50% of $4,200,000).  Plaintiffs assert that this "theory is reasonable and logical and convenient

to both parties at this time" but note that they may "re-look" this fixed-damages theory to see if

Defendant "might have damages exposure up to $4,200,000" if the state court defendant (the

manufacturer of the front end loader) is excused from paying the state court judgment in

bankruptcy.

This damages theory – which is also asserted by Plaintiffs in a pending motion entitled

"Motion to Accept the $4,200.000.00 City and County of Denver, Colorado Judgment herein as

the Total Amount Awardable to the Plaintiff, Michael Shinn, Subject to Allocation against

Defendant Dr. Melberg by the Court at Trial" [Doc #42] – is without any legal basis or authority. While the ultimate damages paid in this case may be limited by the state court award in order to prevent double recovery by Plaintiffs, the theory that Defendant here – if a fact finder ultimately found that Plaintiffs proved a professional negligence claim against him – is automatically liable for the "contributory negligent" percentage of the total allocable damages found in the related state court products liability case is neither logical, nor supported by the law.

Plaintiffs have fallen far short of meeting their burden to show the absence of a genuine material fact as to Defendant's liability and, therefore, I deny Plaintiffs' Motion for Summary Judgment.  In so doing, I likewise deny Plaintiffs' "Motion to Accept the $4,200.000.00 City and County of Denver, Colorado Judgment herein as the Total Amount Awardable to the Plaintiff, Michael Shinn, Subject to Allocation against Defendant Dr. Melberg by the Court at Trial."

## IV.  Defendant's Motions

I next address Defendant's first Motion for Summary Judgment [Doc #37] in which he seeks dismissal of Plaintiffs' malpractice/professional negligence claim against him on the basis that Plaintiffs have failed to designate any expert testimony and, as such, they cannot establish a *prima facie* case for professional negligence at trial.

A federal court with diversity-based jurisdiction over a case, as is applicable here, applies the laws of the forum state in analyzing the underlying claims.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir.1995).  Under Colorado law, the burden is on the plaintiff to establish a *prima facie* case of negligence by demonstrating:  (1) the applicable standard of care, (2) that the defendant breached the standard of care, and (3) that the breach caused the plaintiff's injury.  *HealthONE v.*

*Rodriguez,* 50 P.3d 879, 888 (Colo. 2002).   If the subject matter lies beyond the ambit of common knowledge or experience of ordinary persons, expert testimony is required to establish these elements.  *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990).

The question of whether a medical professional's conduct meets the professional standard of care is not within the ambit of common knowledge under Colorado law.  *Teiken v. Reynolds,* 904 P.2d 1387, 1389 (Colo. App. 1995).  As a general rule, then, expert testimony in medical malpractice actions is necessary to determine the standards of professional care and competence which define the concept of reasonableness appropriate to adjudication of such disputes.  *Gorab v. Zook*, 943 P.2d 423, 427 (Colo. 1997)(*citing Bloskas v. Murray*, 646 P.2d 907, 914 (Colo. 1982); *Greenwell v. Gill*, 660 P.2d 1305, 1307 (Colo. App. 1982)).  Colorado law acknowledges that, in some medical malpractice actions, expert testimony is not required; such is the case only when the "duty of care in such cases arises from a general principle" such as the duty of full disclosure which, in turn, is a principle not peculiar to any one profession.  *Gorab v. Zook*, *supra*, 943 P.2d at 427 FN. 5.   However, "[i]n contrast, expert medical testimony is necessary to establish . . . the failure to meet standards" of professional practice.  *Id. (citing Greenwell v. Gill*, *supra*, 660 P.2d at 1307).   Thus, without expert testimony, the trier of fact in such cases is unable to determine the standard of care, whether a breach of the standard of care occurred, and whether the breach was a cause of the plaintiff's injury.  *See Melville v. Southward, supra*, 791 P.2d at 387; *see also Teiken v. Reynolds, surpa*, 904 P.2d at 1389.

It is undisputed that pursuant to the Joint Scheduling Order in this case, Plaintiffs' deadline to disclose their expert witnesses was March 31, 2013 and, as of that date, they had failed to file any such disclosure. [Doc #22, p. 9]  Almost two months after the deadline had

passed, however, Plaintiffs filed a pleading entitled "Designation of Experts and Proceedings Without Any Expert" on May 29, 2012.  [Doc # 36]  In that Designation, in a section titled <u>No Experts</u>, Plaintiffs indicated that they didn't need expert testimony in this case in that damages awarded by a jury in the state "tractor [accident] case" would be allocated in this case (up to $2,100,000 based on the state court jury award of $4,200,000, reduced by 50% for contributory negligence, for the accident that caused the initial injury to his left leg) as established by the transcript and testimony given in the state case. [Doc #36 ¶1-3]  Alternatively, in a section titled <u>Expert Designation</u>, Plaintiffs belatedly indicate that Dr. Robert "Bert" Messenbaugh, M.D. "is designated as Plaintiffs' Expert Orthopedic Surgeon."  [Doc #36 ¶4]

First, as an initial matter, I reject Plaintiffs' argument that no expert is required in this case to establish the standard of care, because "ligation of the main artery below the knee cutting off substantially all blood flow to the lower left leg is asserted to be medical malpractice as described by Dr. Synn on the trial transcript [in the state case] as error within the common knowledge of ordinary people."  The law in Colorado is clear that because the subject matter of negligent conduct by a medical professional is not within the ambit of common knowledge and experience of ordinary people, "the plaintiff *must* establish by expert testimony the controlling standard of care ordinarily possessed and exercised by members of the same schools of medicine practiced by the defendant, as well as defendant's failure to adhere to that standard." *Teiken v. Reynolds*, *supra*, 904 P.2d at 1389 (emphasis added).  Without expert testimony regarding the relevant standard of care, the trier of fact has no means of comparison to determine whether a legal duty was breached or whether that breach was the proximate cause of a plaintiff's injury. *Melville v. Southward*, *supra*, 791 P.2d at 387; *see also Greene v. Thomas*, 662 P.2d 491, 493

(Colo. App. 1982).  This is not the case where the duty of care arises from a general principle that is not peculiar to any one profession, but rather is essential to establish the failure to meet standards of professional medical practice.  *See Gorab v. Zook*, *supra*, 943 P.2d at 427 FN. 5.

Although not explicitly argued, to the extent that Plaintiffs assert that expert testimony is unnecessary via the doctrine of *res ipsa loquitur*, I disagree.  *Res ipsa loquitur* requires that a plaintiff present evidence that:  the event at issue is the kind which ordinarily does not occur in the absence of negligence; responsible causes other than the defendant's negligence are sufficiently eliminated by the evidence; and the presumed negligence is within the scope of the defendant's duty to the plaintiff.  *Williams v. Boyle*, 72 P.3d 392, 398 (Colo. App. 2003)(*citing Ravin v. Gambrell*, 788 P.2d 817 (Colo.1990)).  *Res ipsa loquitur* applies to a medical malpractice claim only when it is judicially determined that a particular unexplained occurrence creates a *prima facie* case of negligence without proof of specific misconduct.  *Williams v. Boyle, supra*, 72 P.3d at 398 *(citing Shelton v. Penrose/St. Francis Healthcare Systems,* 984 P.2d 623 (Colo.1999))*.*  "The doctrine applies where the cause of injury is so apparent that a lay person is as able as an expert to conclude that such things do not happen in the absence of negligence."  *Williams v. Boyle, supra,* 72 P.3d at 398 (*citing Holmes v. Gamble*, 624 P.2d 905 (Colo. App. 1980)).  Whether the doctrine of *res ipsa loquitur* is applicable in the first instance is a question of law for the trial court.  *Holmes v. Gamble*, *supra*, 624 P.2d at 907 (*citing Zimmer v. Celebrities, Inc.*, 615 P.2d 76 (Colo. App. 1980)).

I conclude that application of the *res ipsa loquitur* doctrine is not appropriate or applicable here.  The evidence is not sufficient to conclude that the alleged ligation of the artery in this case ordinarily does not occur in the absence of negligence without expert testimony.

*Compare Williams v. Boyle, supra*, 72 P.3d at 398 (where *res ipsa loquitur* did not apply when a

plaintiff alleged that her kidney damage was caused by prescribed medication) and *Holmes v.*

*Gamble, supra*, 624 P.2d at 905 (finding the evidence insufficient to eliminate other possible

responsible causes for bilateral ulnar neuropathy may – instead of a complication of surgery

cause by improper positioning on the operating table – including the plaintiff's own conduct and

the conduct of third persons), *with Mudd v. Dorr*, 574 P.2d 97 (Colo. App. 1977)(*res ipsa*

*loquitur* applied where surgeon left cottonoid sponge inside patient) and *Kitto v. Gilbert*, 570

P.2d 544 (Colo. App. 1977)(applied to expulsive loss of eye during cataract surgery).

   I next address Plaintiffs' argument that their untimely designation of Dr. Messenbaugh,

as their medical expert under Fed. R. Civ. P. 26(a)(2), should be allowed as it was substantially

justified or harmless.  Fed. R. Civ. P.  37(c)(1) provides that "[i]f a party fails to provide

information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information

. . . to supply evidence on a motion or at a hearing, or at a trial, unless the failure was

substantially justified or is harmless."  The Tenth Circuit has articulated the following four

factors to be considered in determining whether a failure to disclose is justified or harmless:

> (1) the prejudice or surprise to the party against whom the testimony is offered;
> (2) the ability of the party to cure the prejudice; (3) the extent to which
> introducing such testimony would disrupt the trial; and (4) the moving party's bad
> faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.

1999). The non-moving party has the burden of showing that they were substantially justified in

failing to comply with Rule 26(a)(1). *Sender v. Mann*, 225 F.R.D. 645, 655–56 (D. Colo. 2004).

The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the

broad discretion of the district court.  *Id.*

10

Plaintiffs argue that I should allow their belated designation of Dr. Messenbaugh as their medical expert, as their failure to timely designate was, in essence, harmless.  Specifically, they argue that Defendant was aware of Plaintiffs' reliance on Dr. Messenbaugh – as set forth in their "Amended Certificate of Review as To Claim For Relief #4, Malpractice" – in which Plaintiffs indicated that they consulted with Dr. Messenbaugh for certification that the filing of their medical malpractice/professional negligence claim "does not lack substantial justification." [Doc #11]  *See* Colo. Rev. Stat. §13-20-702(3)(a)(requiring that the plaintiff to file a certificate of review in any action against a licensed professional based upon negligence, stating that the plaintiff has consulted with an expert who has concluded the claim does not lack substantial justification).  Plaintiffs contend that even if they did not timely disclose Dr. Messenbaugh as their expert, Defendant was aware that Plaintiffs had "relied" upon his opinion to review the case and, as such, "there is no surprise of his involvement."

I first note that Plaintiffs have, yet again, neglected to file a motion seeking the relief requested; specifically, they failed to properly request leave from this court to accept their belated disclosure as timely filed.  Instead, such request for relief is improperly made in their response to Defendant's motion for summary judgment in violation of Fed. R. Civ. P. 7(b)(1) and D.C.Colo. LCivR 7.1C, which requires that a motion "shall be made in a separate paper" and "shall not be included in a response or reply to the original motion."

Nonetheless, even if Plaintiffs properly requested leave to file their expert designation out of time, I find that the grounds for such request are insufficient under Fed. R. Civ. P. 37(c)(1).  Plaintiffs fail to supply me with any reason or explanation justifying their belated filing, and the filing fails to meet the requirements of an expert designation set forth in Fed. R.

Civ. P. 26(a)(2)(B). As such, I conclude that Plaintiffs' failure to comply with its obligations under Rule 26(e)(1) was not substantially justified. Moreover, I reject Plaintiffs' contention that the use of Dr. Messenbaugh in its Certificate of Review – as is required by Colorado law in order to substantiate the merits of filing a professional negligence lawsuit – somehow provided notice to Defendant that Plaintiffs would be using him to provide expert testimony related to the applicable standard of care, whether Defendant breached that standard of care, and whether the breach caused or was a proximate cause of the injury. As such, I also do not find that Plaintiffs' non-compliance was harmless. I conclude, in the exercise of my discretion, that even if Plaintiffs properly requested leave to file their expert designation out of time, that the grounds for such request are insufficient under Fed. R. Civ. P. 37(c)(1). *See Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995)(indicating that the burden of establishing substantial justification and harmlessness under Fed. R. Civ. P. 37(c)(1) is upon the party who is claimed to have failed to make the required disclosure); *see also* Fed.R.Civ.P. 37(c)(1) Advisory Committee Notes, 1993 Amendments (noting that the sanction of prohibiting expert witness testimony is limited to violations that are without substantial justification or are not harmless in order to "avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a *pro se* litigant of the requirement to make").

Therefore, I conclude that Plaintiffs' failure to timely designate an expert witness to support his malpractice/professional negligence claim results in a finding that they are unable to make out their *prima facie* case, and Defendant is entitled to summary judgment for lack of

evidence on essential elements of the nonmovant's claim. *See Adler v. Wal–Mart, supra*, 144 F.3d at 671; *Tracz ex rel. Tracz v. Charter Centennial Peaks Behavioral Health Systems, Inc.,* 9 P.3d 1168, 1173 (Colo. App. 2000)(affirming the summary judgment on a professional negligence claim when it found that expert testimony was required, and the plaintiff failed to endorse an expert witness); *Melville v. Southward*, *supra*.

Based on my ruling that Defendant is entitled to summary judgment in his favor on Plaintiffs' professional negligence claim, I do not reach the merits of – and thus deny as moot – Defendant's Second Motion for Summary Judgment [Doc #48] in which he argues that Plaintiffs are barred from seeking relief in this case by the doctrine of issue preclusion, in that issue of causation was previously decided by the jury in the state case.

### V.  Loss of Consortium Claim

As to Plaintiff Jennifer Shinn's pending loss of consortium claim, I note that it is a derivative claim and is subject to the same defenses available to the "underlying claim." *Terry v. Sullivan*, 58 P.3d 1098, 1102 (Colo. App. 2002).  As such, a derivative claim "is destroyed" if the underlying personal injury claim – here, the professional malpractice claim – is unsuccessful. *Kinsella v. Farmers Ins. Exchange*, 826 P.2d 433, 435 (Colo. App. 1992).  So, if an injured person's claim fails on substantive grounds, the spouse's claim for loss of consortium also will fail. *See Schwindt v. Hershey Foods Corp.*, 81 P.3d 1144, 1148 (Colo. App. 2003); *Covert v. Allen Group, Inc.*, 597 F.Supp. 1268, 1269–70 (D.Colo. 1984).   As such, I dismiss Jennifer Shinn's pending loss of consortium claim.

### VI. Plaintiffs' Previously-Dismissed Claims

Finally, I reject Plaintiffs' request – set forth in a motion entitled "First Amendment to

Supplemental Pleading #1 to Amend the Complaint" [Doc #71] – that his previously-dismissed claims for Medical Battery (Claims for Relief No. 1 and 2) and Outrageous Conduct (Claim for Relief No. 5) be reinstated.

In this motion, Plaintiffs rely on Fed. R. Civ. P. 15(a), which allows for the amendment of a pleading prior to trial. Although Plaintiffs argue they are entitled to amend "as a matter of course" pursuant to Fed. R. Civ. P. 15(a)(1), such amendment is only allowed when within "21 days after serving it."  Despite Plaintiffs' unintelligible argument to the contrary – asserting that "Plaintiff filed his Response to Defendants Motion for Summary Judgment #2 which featured a request for leave of Court to file this Motion, but no response was ever received so this is filed as a matter of course" [Doc #71, pg. 2] – the request to amend here was first filed on December 2, 2013, almost nineteen months after Plaintiffs initially filed their complaint in May of 2012. [Doc #1]

As a result, the applicable rule of amendment is Fed. R. Civ. P. 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Although the Court should freely give leave when justice so requires, the rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court, and will not be reversed absent an abuse of discretion. *Minter v. Prime Equipment Co.,* 451 F.3d

1196, 1204 (10th Cir. 2006)(citations omitted).

As to Plaintiffs' Medical Battery claims, I first note that these claims were dismissed with prejudice on Defendant's motion to dismiss for failure to state a claim – on the basis that such claims were barred by the applicable statute of limitations – and thus cannot be "reinstated" by a motion to amended the complaint.  I further note that my dismissal of these claims was grounded on Plaintiffs' express concession that the one-year statute of limitations applicable to the tort of battery barred their Medical Battery claims.  To the extent that Plaintiffs are now arguing that the one-year statute of limitations does not apply, they do not move to seek reconsideration of my previous ruling.  Additionally, a motion for reconsideration is limited to a narrow set of circumstances and "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . [i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of the Paraclete v. John Does, I–XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000)(*citing Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)).

In addition, Plaintiffs' contention that their battery claims are now somehow based on "new facts" – revealed during Plaintiff Michael Shinn's own deposition – I note that Plaintiffs have not provided me with the substance of such "facts," nor have they plead them in the proposed amended complaint which only restates the claims, in there entirety, as they were plead prior to dismissal. *See generally Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (ruling that a court may not "supply additional factual allegations to round out a plaintiff's complaint").   Based on the foregoing, in the exercise of my wide discretion and under these circumstances, I deny Plaintiffs' request to the extent they are seeking leave to amend their

15

complaint in order to reinstate their claims of Medical Battery that were previously dismissed with prejudice.

As to the request to reinstate Plaintiffs' fifth claim for Outrageous Conduct, I note that this claim was previously dismissed without prejudice, based upon Plaintiffs' request, on the basis that a claim for exemplary damages such as this one may not be plead until "after the exchange of initial disclosures and after a plaintiff establishes *prima facie* proof of a triable issue" pursuant to Colo. Rev. Stat § 13-21-102(1.5)(a). The existence of a triable issue on liability for exemplary damages is established by showing a reasonable likelihood that the issue will ultimately be presented to the jury for resolution. *Leidholt v. District Court,* 619 P.2d 768, 771 N .3 (Colo. 1980); *see also American Economy Ins. Co. v. William Schoolcraft, M.D., P.C.,* 2007WL160951(D.Colo. 2007)(unpublished).

However, Plaintiffs cannot establish *prima facie* proof of a triable issue related to their claim for Outrageous Conduct. Specifically, Plaintiffs have not provided me with allegations in support of a determination that Defendant's "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114, 118 (Colo. App. 1985); *see also Culpepper v. Pearl Street Building, Inc.*, 877 P.2d 877 (Colo. 1994); *Meiter v. Cavanaugh*, 580 P.2d 399 (Colo. App. 1978)(indicating that outrageous conduct can be found only if the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency).

In their proposed claim for Outrageous Conduct, Plaintiffs assert that "[i]n addition to the facts revealing that [Defendant] cut 2 or more arteries, caused a 9 ½ hour repair operation, he

also ended the first medical battery by sewing up the Plaintiff, Michael Shinn, and announcing that 'the operation went well.'"" Furthermore, they allege that: "Defendant was wholly reckless in declaring that the first operation went well. He knew or should have known [that it did not go well] because of his pre-operation description of the risks, dangers, and out of bounds nature of the sawing off of the ball of bone on [Plaintiff's] left below-the-knee fibula, which he did despite his own declarations." Finally, Plaintiffs assert that "[t]he inference is that Defendant decided to take the easy way to harvest boney material for grafting rather than go to the hip area to find plenty of bone for grafting, although it would require a new incision and much more work: his original plan was to go the hip bone for graftable bone, or to the bone bank." [Doc # 71, ¶ 33-35]   Such allegations do not, as a matter of law, rise to the level of a determination by a reasonable person, of conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. *See Van Leeuwan v. Nuzzi,* 810 F.Supp. 1120, 1124 (D.Colo. 1993)(finding that the facts "do not approach the level of gravity and indecency of other cases held not to state a claim for outrageous conduct" in a straightforward malpractice case with no extenuating circumstances); *Meiter v. Cavanaugh, supra,* 580 P.2d at 401 (noting that whether particular conduct is sufficiently outrageous to be actionable is normally a question for the jury,"it is for the court to determine, in the first instance, whether reasonable persons could differ on this issue"). More importantly, as discussed above, Plaintiffs are unable to make out their underlying *prima facie* case for their claim of professional negligence due to lack of expert testimony as to the applicable standard of medical care. As such, they cannot – as a matter of law – make out a case that such unproved medical conduct was outrageous in nature.

As a result, I find that Plaintiffs' request to amend their complaint – in order to add the previously-dismissed claims for Medical Battery and Outrageous Conduct – should be denied as futile. *See generally Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)(stating that "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim"). In so doing, I deny Defendant's request, set forth in his response to this motion, that he be awarded reasonable attorney fees and the costs incurred in responding to this "unintelligible" and "garbled" motion.

ACCORDINGLY, I ORDER as follows:

1) I DENY Plaintiffs' Motion For Summary Judgment, F.R.C.P. 56 [Doc #59] and Plaintiffs' Motion to Accept the $4,200.000.00 City and County of Denver, Colorado Judgment herein as the Total Amount Awardable to the Plaintiff, Michael Shinn, Subject to Allocation against Defendant Dr. Melberg by the Court at Trial [Doc #42];

2) I GRANT Defendant's first Motion for Summary Judgment in his favor [Doc #37, and I DENY AS MOOT Defendant's Second Motion for Summary Judgment [Doc #48]; and

3) I DENY Plaintiffs' First Amendment to Supplemental Pleading #1 To Amend the Complaint. [Doc #71].

As such, I ENTER JUDGMENT in favor of Defendant on all Plaintiffs' claims, and I DISMISS this case, with COSTS AWARDED to Defendant.

Dated: January   30  , 2014 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

18